## FARRELL v. BUCHANAN, Sheriff.
### No. H.C. 2641.
Circuit Court, Dade County.

October 13, 1965.

Carey C. Matthews and Philip J. Mandina, both of Miami, for the petitioner.

Richard E. Gerstein, State Attorney, and Roy S. Wood, Assistant State Attorney, for the respondent.

RALPH O. CULLEN, Circuit Judge.

The petitioner, Mary Jane Hollingsworth Farrell, was arrested on an executive rendition warrant issued by the governor of Florida, the Honorable Haydon Burns, on the demand of the governor of South Carolina. Thereupon she filed this petition in habeas corpus to test the legality of her detention under the said executive rendition warrant issued by Governor Burns. In the petition and in their memorandum in support of it, counsel for petitioner contended in substance that the executive rendition warrant is bad because —

(1) The demand of the governor of South Carolina fails to comply with the Uniform Extradition Act, §941.03, Florida Statutes; (2) The petitioner has not fled from justice within the meaning of the statute, §§941.02 and 941.39; (3) The demand does not set forth an offense under the laws of South Carolina; (4) That there is a divorce pending in South Carolina between petitioner's mother and her father, the prosecutor in the criminal case pending in South Carolina, in which the mother claims that she is entitled to one-half of the profits of the Hollingsworth business and inferentially was only taking her own when the petitioner took from her father's safe some $400,000; (5) That Mrs. Hollingsworth being a partner in her husband's business could not be guilty of larceny when she and her daughter as alleged took the money; (6) That the mother directed the daughter, petitioner here, to take the money alleged to have been stolen; (7) That the indictment has never been held sufficient to charge a crime under the laws of the state of South Carolina; (8) That the petitioner herein has had imposed on her the burden of proof and such imposition is a violation of her rights under the constitution of Florida and sections 11 and 12 of the Declaration of Rights; (9) That petitioner has been required to set forth her "grounds of defense" prior to the hearing which is a violation of due process under the state and federal constitutions; (10) That requiring petitioner and her counsel to "file their grounds of defense" prior to hearing constitutes a gross invasion of the confidential relationship between attorney and client.

The court is of the opinion that only grounds (1), (2) and (3) above set out are appropriate in a habeas corpus proceeding such as this is to challenge the legality of petitioner's detention under an executive rendition warrant. The other grounds sought to be raised in the petition and in the "Grounds of Defense" submitted to the court by counsel for the petitioner are entirely beyond the scope of inquiry in this proceeding. The court is faced here with only three issues.

Is the petitioner herein a fugitive from justice, which involves the subordinate issue, was she personally present in the state of South

Carolina at the time the crime was alleged to have been committed? This issue must be resolved against the petitioner. The governor of South Carolina's demand asserts — "that Mary Jane Hollingsworth Farrell stands charged with the crime of housebreaking and grand larceny in South Carolina; and it has been represented to me that such fugitive was present in this state at the time of the commission of such crime, and that such fugitive has fled from the justice of this state and has taken refuge in the state of Florida." It appears from the documents which are attached to the demand, which are certified by the governor of South Carolina to be authentic, that one J. R. Martin on the 10th day of May, 1965 made an affidavit before John S. Loftis, a duly elected and qualified magistrate of Greenville County, South Carolina, to the effect that on the 6th day of April, 1964 the defendant, Mary Jane Hollingsworth Farrell, in that state and county and in the township of Greenville County, did commit the offense of housebreaking and grand larceny in that she did willfully, feloniously and unlawfully break and enter in the nighttime into the J. D. Hollingsworth on Wheels office and did take, steal and carry away money to the value of approximately $400,000, property of J. D. Hollingsworth. This affidavit meets the requirements of the Act of Congress as an affidavit before a magistrate on which extradition may be demanded and rendered. It appears to the court that no serious contention can be maintained that this affidavit does not charge a crime under the laws of the state of South Carolina.

This same affidavit by necessary inference alleges that Mary Jane Hollingsworth Farrell was personally present in Greenville County, South Carolina, when the crime was committed and did commit the crime. And the said affidavit being certified as authentic by the governor of South Carolina can be and must be considered by this court as evidence of the personal presence of Mary Jane Hollingsworth Farrell in the said county and state of South Carolina, and thereby the burden is placed upon the alleged fugitive, petitioner here, to allege and prove that she was not so present in the state of South Carolina when the alleged crime was committed and therefore is not a fugitive from justice from that state. She has failed to assume and carry that burden. She has not denied that she was present in the said county and state of South Carolina at the time alleged, nor has she introduced any evidence that she was not there. It follows that this court must decide against the petitioners on this issue.

There remains only the alleged deficiencies of the executive rendition warrant and of the demand of the governor of South Carolina. No specific deficiencies are charged and none are shown. The demand is in order and the rendition warrant is regular.

It is accordingly considered, ordered and adjudged that the petitioner, Mary Jane Hollingsworth Farrell, be and she hereby is remanded into the custody of the respondent, T. A. Buchanan, as sheriff of Dade County, Florida, for rendition to the agents of the governor of South Carolina, provided, however, that she shall not be rendered to the agents of South Carolina until any appeal which she may take from this order has been finally decided, and shall be held by the respondent until such appeal is decided if one is in fact taken. The bail bond heretofore given shall remain in effect pending such appeal.

It is further ordered and adjudged that the writ of habeas corpus be and it hereby is quashed and the petition therefor dismissed.